UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHRISTOPHER BLAPPERT                                     CIVIL ACTION
AND CAROL BLAPPERT

VERSUS                                                   NO. 06-9003

HARTFORD INSURANCE COMPANY                               SECTION "S" (3)

ORDER AND REASONS

IT IS HEREBY ORDERED that plaintiffs' Motion to Remand is GRANTED.  Plaintiffs'

request for attorneys' fees is DENIED. (Rec. Doc. 4).

BACKGROUND

Plaintiffs, Christopher Blappert and Carol Blappert ("the Blapperts") filed suit against

Hartford Insurance Company ("Hartford") in the Thirty-Fourth Judicial District Court for the Parish

of St. Bernard, State of Louisiana, after sustaining damages to their home as a result of Hurricane

Katrina.  Among other things, the Blapperts allege that Hartford had in effect a homeowners' policy

covering the damages sustained to their home and property.  Nevertheless, the Blapperts allege that

Hartford has failed to fully compensate them for the damages sustained.  The Blapperts have

stipulated that the amount in controversy does not exceed $75,000.

On October 26, 2005, Hartford removed the case to this Court alleging that jurisdiction

existed under 28 U.S.C. §§1331, 1369, 1441(e) and 1446.  The Blapperts have filed a motion to

remand, which is now before the Court.  Hartford has opposed the motion to remand and argues that

this Court has jurisdiction under 28 U.S.C. § 1369, the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA"), and piggyback" jurisdiction under the MMTJA and 28 U.S.C. § 1441(e)(1)(B).

## DISCUSSION

**A.      Legal standard**

Motions to remand to state court are governed by 28 U.S.C. §1447(c), which provides in pertinent part: "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  To determine whether a cause of action presents a federal question, the court examines the plaintiff's well-pleaded complaint.  *Hoskins v. Bekins Van Lines*, 343 F. 3d 769, 772 (5th Cir. 2003).  The entire record is examined for a proper understanding of the true nature of the complaint.  *Aquafaith Shipping, Ltd. v. Jarillas*, 963 F. 2d 806, 808 (5th Cir. 1992).

**B.      Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA")**

Hartford contends that the court has jurisdiction under 28 U.S.C. § 1369, the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA").  Section 1369 provides in relevant part:

> (a) **In general**. The district courts shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location if-
>
> (1) a defendant resides in a State and a substantial part of the accident took place in another State or other location, regardless of whether that defendant is also a resident of the State where a substantial part of the accident took place;
>
> (2) any two defendants reside in different States, regardless of whether such defendants are also residents of the same State or States; or
>
> (3) substantial parts of the accident took place in different States.
>
> (b) **Limitation of jurisdiction of district courts**.-The district court shall abstain from hearing any civil action described in subsection (a) in which-

2

(1) the substantial majority of all plaintiffs are citizens of a single State of which the primary defendants are also citizens; and

(2) the claims asserted will be governed primarily by the laws of that State.

The Act "would streamline the process by which multidistrict litigation governing disasters are adjudicated. H.R.Conf.Rep. 107-685, § 11020, 202 U.S.C.C.A.M. 1120 (2002). "The general provision confers original jurisdiction on federal district courts when certain civil actions have only minimal diversity among the parties." 23 Rev. Litig. 177 at 5 (2004). "The change to minimal diversity in class actions aims to promote the purposes of the class action device: fairness, uniformity, efficiency, and manageability in mass litigation." *Id*. at 4. The intended scope of minimal diversity is to reach a "very narrowly defined category of cases." *Id.* at 5. While the MMTJA could apply in an action by a single plaintiff against two defendants, "[m]ore likely, many plaintiffs and many defendants would be involved in the typical suit which would fall under the MMTJA, and often certification of a class action would be sought." H.Alston Johnson, III, Current Topics in Federal Subject Matter Jurisdiction Based on Diversity of Citizenship (June 7, 2006).

The narrow jurisdiction under the MMTJA is not intended to apply to a case where there are not many plaintiffs and many defendants. *See e.g. Chehardy v. Wooley*, Nos. 06-1672, 06-1673 and 06-1674 (E.D. La.) (jurisdiction under § 1369; multi-plaintiff, multi-defendant case consolidated for pretrial purposes with *Colleen Berthelot v. Boh Brothers Construction Co.*, No. 05-4182 (E.D. La.) (class action for damages out of the breach of hurricane protection levees and flood walls)). This case involves only two plaintiffs and one defendant involved in the dispute over insurance coverage.

Moreover, Hurricane Katrina has not been found to be an "accident" under § 1369.  In *Flint v. Louisiana Farm Bureau Mutual Ins. Co.*, 2006 WL 2375593, at *3 (E.D. La. Aug. 15, 2006), the

3

court disagreed with Farm Bureau's contention that the court in *Chehardy* found that Hurricane Katrina satisfied the definition of an accident under § 1369.  Further, the court in *Flint* stated that the Court of Appeals never reached the conclusion that Hurricane met the definition of a § 1369 accident in *Wallace v. Louisiana Citizens Property Ins. Co.*, 444 F.3d 697 (5th Cir.2006). The court in Flint declined to interpret the statutory definition of accident so broadly as to classify Hurricane Katrina as an accident. The court in *Flint* acknowledged that there is § 1369 jurisdiction under *Chehardy* because the levee break is the requisite accident that caused the death of at least 75 natural persons at a discrete location.

Hartford further contends that there is "piggyback" jurisdiction under the MMTJA and 28 U.S.C. §1441(e)(1)(B) because it is a defendant in *Chehardy*, a case which could have been brought under §1369.

28 U.S.C. § 1441(e)(1) provides in part:

[a] defendant in a civil action in State court may remove that action to the district court of the United States for the district court and division embracing the place where the action is pending if- -

(A) the action could have been brought in the United States district court under section 1369 of this title; or

(B) the defendant is a party to an action which is or could have been brought, in whole or in part, under section 1369 in a United States district court and arises from the same accident as the action in State court, even if the action to be removed could not have been brought in a district court as an original matter.

When the requirements of §1441(e)(1)(B) are met, defendants need not establish the existence of independent subject matter jurisdiction under any other provision, including under §1369(a), because supplemental jurisdiction has been established. *Wallace*, 444 F.3d at 702.

This Court rejects Hartford's argument that this Court can exercise supplemental jurisdiction

under §1441(e)(1)(B) based on the fact that Hartford is already a defendant in *Chehardy*.[1]  As stated earlier, Hurricane Katrina is not an "accident" as that term is defined in the MMTJA.  Moreover, unlike the instant case, the accident in *Chehardy* is a levee breach.  *Flint*,  2006 WL 2375593 at *3.  In the instant case, the Blapperts make no allegation about levee breaches.  Thus, the court finds that it has no "piggy-back jurisdiction" under § 1441(e)(1)(B).

## C.    Attorneys' fees

The Blapperts' request for attorneys' fees is denied.  Unless unusual circumstances are present, courts may award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir.2004); *Valdes v. Wal-Mart Stores, Inc.,* 199 F.3d 290, 293 (5th Cir.2000). The removal in this case was not objectively unreasonable. Thus, the court declines the request to grant attorneys' fees.

## CONCLUSION

For the forgoing reasons, the Blapperts' motion to remand is **GRANTED**, and their request for attorneys' fees is **DENIED**.

New Orleans, Louisiana, this _____19th_____ day of March, 2007.

_____

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

---

[1]Hartford also notes that it is a defendant in *Chauvin v. State Farm Fire & Cas. Co.*, No. 05-6454 (E.D. La.) and *Williams v. State Farm Fire & Cas. Co.*, 06-0177 (E.D. La.).  The "accident" in both *Chauvin* and *Williams* was Hurricane Katrina and/or Hurricane Rita. Therefore, neither of those cases could have been brought under the MMTJA.